IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER C. SPRAGGINS,
      Plaintiff,

v.                          Case No. 3:12cv12/RS/CJK

WALTON COUNTY, et al.,
      Defendants.
_____

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se*, initiated this case on January 6, 2012.  (Doc. 1).  The cause is presently before the Court on plaintiff's amended complaint asserting civil rights claims under 42 U.S.C. §§ 1983 and 1985, as well as state law tort claims.  (Doc. 5).  The filing fee has been paid.  (Doc. 2).  Upon review of the amended complaint, the Court concludes that plaintiff's federal claims should be dismissed on jurisdictional and comity grounds, and that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

BACKGROUND AND PROCEDURAL HISTORY

This lawsuit arises out of a dispute over real property.  Plaintiff's amended complaint names twelve defendants:  Walton County, Walton County Board of County Commissioners, Walton County Property Appraiser Patrick Pilcher, Walton County Tax Collector Rhonda Skipper, Walton County Clerk of Court Martha Ingle, Walton County Administrator Greg Kiesela, Freeport 860 LLC, Waters Edge

Building Company, Hammock Bay Community Development District, George Ralph Miller, Jay Odom and John Dowd, Jr. (Doc. 5, p. 1). Although plaintiff's Statement of Facts and Statement of Claims spans 18 pages of single-spaced material, the essential factual allegations and legal claims are as set out immediately below. These claims are divided into two categories.

Unconstitutional "Taking" of Plaintiff's Land and Assessment of Real Property Taxes

In 1991, plaintiff executed a "lease purchase agreement" for land in Walton County, Florida. (Doc. 5, p. 7 ¶ 8). In 1993, plaintiff closed on the purchase. At closing, the legal description of the property was based on the Township Range Section ("TRS") Grid and a "professional survey." (*Id.*, p. 8 ¶ 9). Thereafter, plaintiff purchased additional parcels of land contiguous to or near this first property. (*Id.*, p. 8 ¶ 11). On November 19, 2002, defendant Freeport 860, LLC (a private company owned by defendant Jay Odom) purchased approximately 3,100 acres of land contiguous to or touching the south side of plaintiff's property. (*Id.* ¶ 14). On August 3, 2005, defendants Odom and Freeport 860, LLC sued plaintiff in Walton County Circuit Court Case Number 2005-CA-000312, for 164 feet by 660 feet of land plaintiff occupied. (*Id.* ¶ 18). On August 5, 2005, Walton County Circuit Court Judge Kelvin Wells held a hearing in Case Number 2005-CA-000312, at which plaintiff was present. At the close of the hearing, Judge Wells issued a verbal order enjoining and barring plaintiff from the land at issue. (*Id.* ¶ 19). The terms of the verbal order were reduced to a written order on August 11, 2005. (*Id.* ¶ 20). In 2009, in the same state court case, plaintiff was "ordered by Walton County Judge Howard LaPorte to accept a 'new' location of the section line between Government Section 16 and Government Section 21 contained in the TRS Grid of 1 South 19 West." (*Id.*,

p. 10 ¶ 24).  Judge LaPorte's final order was affirmed by the state appellate court on October 14, 2010.  *Spraggins v. Freeport 860, LLC*, 48 So.3d 842 (Fla. 1st DCA 2010) (Table).  Rehearing was denied on November 23, 2010.  *Id*.  Plaintiff asserts that Judge LaPorte's order amounted to a "taking" without just compensation, and violated plaintiff's constitutional rights. (Doc. 5, p. 10 ¶ 25).  Plaintiff further asserts that Judge LaPorte's order "unconstitutionally 'clouded' the titles of land" belonging to plaintiff and others.  (*Id*.).  Plaintiff claims that the judgment entered against him in state court was the product of a conspiracy among the defendants and the state court judges to deprive plaintiff of his constitutional rights.  (*Id*., pp. 14-20 ¶¶ 3-38).

Plaintiff further claims that "the Defendants" (plaintiff does not specify which defendants) were negligent in maintaining and in "destroying" the TRS Grid in 1 South 19 West, were negligent in maintaining property records, and were negligent in assessing and taxing property.   (*Id*., pp. 20-22  ¶¶  39-40,  42-43  47-50). Specifically, plaintiff asserts that "the Defendants" failed to fulfill their fiduciary duties to:  (1) ensure that all property purchased in Walton County "fits into the original TRS grid"  and (2) ensure that lands do not overlap, fall short, or create new lands before recording deeds, titles and other legal instruments, and before assessing property values for tax assessment and collection.  (*Id*., p. 10 ¶ 26).  Plaintiff claims that the Walton County Administrator's failure to ensure compliance with the TRS Grid violates "Federal Law."  (*Id*., p. 13 ¶ 33).  Due to defendants' negligence, says plaintiff, it was impossible for the Walton County Tax Collector to derive a just valuation of plaintiff's property for  purposes of assessing plaintiff's taxes for the year 2010.  (*Id*., p. 21 ¶¶ 44-46).  In this lawsuit, plaintiff seeks a declaratory judgment declaring that "the Defendants" are negligent in the maintenance of the

original TRS Grid, are negligent in maintaining their fiduciary duty to citizens, deprived plaintiff of due process, and were negligent in the assessment of real property taxes.  (*Id.*, p. 25 ¶¶ 1-4).  A search of the Walton County Circuit Court's online records indicates that on April 13, 2011, plaintiff filed a petition contesting his property tax assessment.  *See* Walton County Circuit Court Case Number 2011-CA-000294.  That case is pending.

"Unlawful" Conveyance of Other Land to Private Party

Plaintiff goes on to allege that on February 10, 2004, defendant Odom, through Freeport 860, LLC, obtained approval from the City Council of the City of Freeport, Florida, to establish Hammock Bay Community Development District (HBCDD), which plaintiff describes as "a local unit of special-purpose government."  (Doc. 5, p. 8 ¶ 15).  The HBCDD consisted of 993 acres of Odom's 3,100 acre property (the 3,100 acres situated near plaintiff's property).  (*Id.*).  On May 18, 2004, defendant Odom received $35 million (funded by government-issued bonds) to construct the infrastructure of HBCDD.  A condition of the funding was that all roads constructed would be deeded to Walton County and become public property.  (*Id.*, p. 9 ¶ 17).  On February 13, 2007, the City of Freeport adopted an ordinance amending the boundary of the HBCDD to reduce it by 250 acres.  (*Id.*, p. 10 ¶ 22).  As a result, plaintiff alleges that the infrastructure and public road on that land were removed from the HBCDD and returned to defendants Odom and Freeport 860, LLC.  (*Id.* ¶ 23).  Plaintiff complains that the improvements to those 250 acres were paid for with public money.  (*Id.*).  Plaintiff claims that "Defendants unlawfully accepted public money via Bond Issuance to improve property and infrastructure under the auspices of the HBCDD, but then subsequently transferred that property back to their privately

held company, for their personal benefit, without just compensation and in violation of the terms of the Bond issuance and law." (*Id*., p. 22 ¶ 57).  Claiming fraud, plaintiff seeks to "restore the 250 acres to the HBCDD that was removed on February 13, 2007. (*Id*., p. 25 ¶ 5).

FEDERAL JURISDICTION AND ABSTENTION

Subject-Matter Jurisdiction

The jurisdiction of the federal courts is limited by the scope defined by the Constitution and by statute. *In re Carter*, 618 F.2d 1093, 1098 (5th Cir. 1980); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction.  They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress.") (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Subject-matter jurisdiction is a threshold inquiry that the Court is required to consider before addressing the merits of any claim.  *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").  The Court's subject matter jurisdiction should be raised *sua sponte* at any point in the litigation when a doubt about jurisdiction arises. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising the issue of subject matter jurisdiction *sua sponte*).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

The *Rooker-Feldman*[1] doctrine precludes federal courts – other than the United States Supreme Court – from reviewing final judgments of state courts.   *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (explaining that the doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments").   *Rooker-Feldman*'s reach extends to federal claims raised by a state-court loser that are "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted); *id.* at 1261 (holding that *Rooker-Feldman* bars lower federal-court jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (citation omitted).

The plaintiff in this case was a state-court loser in Walton County Circuit Court Case Number 2005-CA-000312.  Without question, the state court judgment formed the basis of, or was intertwined with, the injuries of which plaintiff presently complains:  that plaintiff's loss of ownership and possession of part of his property, inaccurate property tax assessment, monetary damages, and emotional suffering were the result of an unconstitutional proceeding.  The state court proceeding ended before plaintiff instituted the present federal lawsuit.  Plaintiff seeks, in effect, to have this Court "review and reject" the state court proceeding because plaintiff wants a

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S. Ct. 1303, 1311-15, 75 L. Ed. 2d 206 (1983).

declaration that the state court proceeding violated his federal constitutional rights. *See Casale*, 558 F.3d at 1261.   Plaintiff's claims arising from the allegedly unconstitutional taking of his land should be dismissed for lack of jurisdiction, under the *Rooker-Feldman* doctrine.

Abstention

To the extent plaintiff asserts a separate challenge to his property tax assessment based on the defendants' alleged negligence causing a deprivation of plaintiff's constitutional rights, this Court should abstain from addressing that issue. The Supreme Court held in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of:  (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  *See Samuels v. Mackell*, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).  Although *Younger* concerned state criminal proceedings, its principles are "fully applicable to noncriminal judicial proceedings when important state interests are involved."  *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982).  "Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims."   *Id*. (citation and internal marks omitted).  As the *Middlesex* Court framed the issue, "The question . . . is threefold: first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate

opportunity in the state proceedings to raise constitutional challenges." *Id.* (emphasis omitted); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997).

Here, plaintiff cannot dispute that his state court proceeding contesting his property tax assessment is still pending.  The proceeding implicates important state interests.  *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102-03, 102 S. Ct. 177, 179, 70 L. Ed. 2d 271 (1981) (recognizing that state taxation, including county taxation of real property,  involves important state interests); *see also Winicki v. Mallard*, 615 F. Supp. 1244, 1247 (M.D. Fla. 1985) ("Nowhere is the principle of comity as particularly appropriate as in the area of state tax matters."). Plaintiff alleges no facts to suggest that he does not have an adequate opportunity to raise his constitutional challenge in the state court proceeding.  Plaintiff's allegations do not establish, or support an inference, that any of the exceptions to *Younger* abstention apply.  Because plaintiff's allegations and facts of which the Court may take judicial notice demonstrate that the *Younger* abstention doctrine bars this Court from interfering in plaintiff's state civil proceeding, plaintiff's claim should be dismissed.  Even if a state court case were not pending, the principle of comity would still bar this Court from considering plaintiff's challenge to Walton County's administration of its property tax system.  *See Fair Assessment, supra* (principle of comity barred state taxpayer's § 1983 suit for damages against county officials alleging officials' property assessments and administration of county property tax system deprived taxpayers of equal protection and due process of law).

As to plaintiff's challenge to the City of Freeport's 2007 ordinance conveying 250 acres of property from HBCDD to defendant Jay Odom, the Court should not

address the claim for several reasons.  First, because the City of Freeport is not a party to this action, the Court is without jurisdiction to enjoin the City from enforcing the ordinance.  Second, plaintiff lacks standing to challenge the ordinance.  Before the Court can consider the merits of a claim the party asserting the claim must demonstrate that he has standing, in other words, that he is entitled to invoke the judicial process.  *Florida Wildlife Fed'n, Inc. v. South Fla. Water Mgmnt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011) ("The Supreme Court has long recognized that . . . federal courts cannot exercise jurisdiction over cases where the parties lack standing. . . .).  To establish standing, plaintiff must demonstrate:  (1) an injury in fact; (2) caused by the conduct complained of; (3) and that such injury is likely to be redressed by a favorable judicial decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  The essence of the standing inquiry is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional issues."  *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962).  The Supreme Court has explained:

> Abstract injury is not enough.  It must be alleged that the plaintiff "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged statute or official conduct.  *Massachusetts v. Mellon*, 262 U.S. 447, 488, 43 S. Ct. 597, 601, 67 L. Ed. 1078 (1923).  The injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical."  *Golden v. Zwickler*, 394 U.S. 103, 109-110, 89 S. Ct. 956, 960, 22 L. Ed. 2d 113 (1969).

*California Bankers Ass'n v. Shultz*, 416 U.S. 21, 68, 94 S. Ct. 1494, 1521, 39 L. Ed. 2d 812 (1974) (other citations omitted); *Lujan*, 504 U.S. at 560 (holding that the

alleged injury cannot be so abstract as to make the claim incapable of, or otherwise not suitable for, judicial resolution).  Even if concrete, the injury must be one that is "legally protected."  *McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 227, 124 S. Ct. 619, 157 L. Ed. 2d 491 (2003) (quoting *Lujan*, 504 U.S. at 560).  Plaintiff fails to establish that he sustained, or is in immediate danger of sustaining, direct personal injury as the result of the City of Freeport's enactment of the 2007 ordinance.

Third, even assuming plaintiff has standing, plaintiff has not demonstrated that his challenge to the ordinance involves a federal question.  Rather, plaintiff claims the ordinance was approved through fraud and in violation of "the terms of the Bond issuance and law."  (Doc. 5, p. 22 ¶ 57).  As discussed below, the Court should decline to exercise supplemental jurisdiction over all state-law challenges raised in this proceeding.

SUPPLEMENTAL JURISDICTION

Plaintiff claims that the defendants committed various state law torts including but not limited to, fraud, negligence, false imprisonment and intentional infliction of emotional distress.   Although a district court may, in its discretion, exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), the undersigned recommends that this Court decline to exercise such jurisdiction in this instance.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's federal claim(s) be DISMISSED on jurisdictional, comity and abstention principles.

2.  That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE to plaintiff asserting them in the appropriate state court.

3.  That the Clerk be directed to close the file.

At Pensacola, Florida this 2nd day of March, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).